IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

BILLY CHARLES HIGH                                               PLAINTIFF

VERSUS                          CIVIL ACTION NO. 1:12-cv-201-LG-JMR

PEARL RIVER COUNTY DISTRICT ATTORNEY, ET AL.     DEFENDANTS

**MEMORANDUM OPINION AND ORDER
TO DISMISS PLAINTIFF'S COMPLAINT**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff High is a pre-trial inmate currently incarcerated in the Pearl River County Jail, who has filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] The Plaintiff names the "Pearl River County District Attorney [and] all officers of Pearl River County District Attorney's Office," Miranda Beech, Chris Beech and Randi Beech as Defendants. Am. Compl. [13] at 1. After liberal review of the Complaint and Amended Complaint, the Court has reached the following conclusions.[2]

**I.     Background**

Plaintiff states that he has been charged with statutory rape and is currently incarcerated awaiting trial. Plaintiff challenges the validity of the pending charge and his current incarceration. Specifically, Plaintiff asserts that medical

---

[1]Plaintiff's request to proceed *in forma pauperis* was granted on August 20, 2012.

[2]In the original Complaint Plaintiff named the State of Mississippi and the Pearl River County Court System as Defendants. An Order [10] was entered which advised the Plaintiff that he had not named viable defendants for a § 1983 action, and Plaintiff was directed to file an Amended Complaint. Plaintiff filed a signed version [13] of his Amended Complaint [11] on September 7, 2012.

information derived from the rape kit proves a rape did not occur, therefore he should not be charged with statutory rape and should not be incarcerated.[3] Plaintiff also alleges that Defendants Miranda, Chris, and Randi Beech "gave false statements" to Pearl River County law enforcement and prosecutors "to obtain a warrant for my arrest for the charge of statutory rape." Am. Compl. [13] at 1. As relief, Plaintiff is requesting that "justice be served" and monetary damages.[4] Compl. [1] at 4; Am. Compl. [13] at 1.

## II. Analysis

Title 28 U.S.C. §1915 applies to prisoners proceeding *in forma pauperis* in this Court. Section 1915(e)(2) provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The law "accords judges not only the authority to dismiss a claim based on an indisputably

---

[3]It should be noted that Plaintiff has actually been indicted by the Grand Jury and is awaiting trial in the Circuit Court of Pearl River County, Mississippi, on one count of statutory rape and two counts of fondling.

[4]Specifically, in the relief section of the Complaint Plaintiff states that the "main thing I am seeking is that justice be served on my behalf . . . also justice for the victim, and the county slandering my name, defamation of character . . . [b]ut the main thing is justice served on my behalf." Compl. [1] at 4. To the extent Plaintiff is attempting to assert claims for slander and defamation against the County he is not entitled to relief. First, Plaintiff has not named the County as a Defendant, even after he was provided with an opportunity to do so, and secondly, Plaintiff has not stated a policy or custom of the County that is responsible for the alleged violations. *See Duvall v. Dallas County, Tex.*, 631 F.3d 203, 209 (5th Cir. 2011). Lastly, an action for slander or defamation based solely on injury to one's reputation is not a constitutional deprivation actionable under § 1983. *See Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).

meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Macias v. Raul A.*, 23 F.3d 94, 97 (5th Cir. 1994). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under § 1915(e)(2).

**A. Claims for Habeas Corpus Relief**

Initially, the Court notes that "[s]ection 1983 is an appropriate legal vehicle to attack unconstitutional parole procedures or conditions of confinement." *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)(citations omitted)(finding claims that would entitle prisoner to accelerated release are not properly pursued in a § 1983 conditions of confinement case). Whereas habeas corpus provides the exclusive federal remedy available to a state prisoner seeking a speedier or immediate release from incarceration. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(holding habeas corpus is exclusive

3

federal remedy available to state prisoners challenging the fact or duration of their confinement and seeking speedier or immediate release from incarceration). A pre-trial inmate may seek habeas relief under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987); *but see Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 483 (1973)(finding a petitioner is not permitted to derail "a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court").

The Court construes Plaintiff's claims regarding the validity of his incarceration and request "that justice be served" as a request for release from incarceration. Compl. [1] at 4. Clearly, Plaintiff's claims regarding the validity of his pending charges and resulting incarceration do not challenge the *conditions* of his current confinement, but instead challenge the *fact or duration* of his confinement, and thus are habeas in nature. Therefore, to the extent Plaintiff is challenging the validity of his pending criminal charges and resulting incarceration his claims are dismissed from this § 1983 case, without prejudice.[5]

**B. Claims under 42 U.S.C. § 1983**

In order to have state viable claim under 42 U.S.C. § 1983, a plaintiff must

---

[5]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for pre-trial inmates challenging their imprisonment under 28 U.S.C. § 2241.

4

(1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). As the Magistrate explained in the Order [10] directing Plaintiff to amend, the State of Mississippi is not amendable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id*. at 70. A district attorney's office in Mississippi is considered an arm of the State of Mississippi. *See Hudson v. City of New Orleans*, 174 F.3d 677, 682 (5th Cir. 1999)(citing *Chrissy F. by Medley v. Miss. Dep't of Public Welfare*, 925 F.2d 844, 849 (5th Cir. 1991)). Therefore, the District Attorney's Office for the 15th District, which encompasses Pearl River County, is not a separate legal entity that may be sued in this § 1983 lawsuit.

Furthermore, members of the Pearl River County District Attorney's Office, acting as criminal prosecutors, "enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). This immunity extends to the "prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." *Id.* As the Fifth Circuit has clearly stated, the "decision to file or not file criminal charges is protected by prosecutorial immunity." *Quinn v.*

*Roach,* 326 F. App'x 280, 292 (5th Cir. 2009); *see also Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990)("The decision to file or not file criminal charges falls within this category of acts that will not give rise to section 1983 liability."). Plaintiff disagrees with the prosecutor's decision to initiate criminal charges and maintain the criminal prosecution for statutory rape based on Plaintiff's belief that the medical information proves a crime did not occur. The Court finds the alleged actions taken by the prosecutor in Plaintiff's criminal case to be "intimately associated with the judicial phase of the criminal process," therefore the prosecutor is entitled to absolute immunity from the claims asserted in this § 1983 Complaint. *See Lampton v. Diaz*, 639 F.3d 223, 225 (5th Cir. 2011)(citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

As stated above, § 1983 provides relief for deprivations committed by persons acting under color of state law. Plaintiff's pleadings indicate that Defendants Miranda, Chris, and Randi Beech are private citizens, who allegedly made false statements to the police during Plaintiff's criminal investigation. In order for these Defendants to act under color of state law, they must "exercise[ ] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *West*, 487 U.S. at 49 (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)). The Fifth Circuit has plainly stated that "[a] private individual complainant in a criminal prosecution does not act under color of law." *Pleasant v. Carraway*, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994)(citing *Grow v. Fisher*, 523 F.2d 875, 879 (7th Cir. 1975)). Nor does the fact

6

that statements by these Defendants were relied upon to arrest and charge the Plaintiff with statutory rape make these individuals state actors. *See Daniel*, 839 F.2d at 1124 ("Police reliance in making an arrest on information given by a private party does not make the private party a state actor.")(citing *Hernandez v. Schwegmann Bros. Giant Supermarkets*, 673 F.2d 771, 772 (5th Cir. 1982)). Plaintiff fails to establish that Defendants Miranda, Chris, and Randi Beech acted "under color of state law." Hence, Plaintiff's claims against these Defendants will be dismissed.

### III. Conclusion

As discussed above, Plaintiff cannot maintain this action under 42 U.S.C. § 1983 against the named Defendants. Plaintiff's claims for habeas corpus relief will be dismissed without prejudice. Plaintiff's § 1983 claims will be dismissed as frivolous and for failure to state a claim and as seeking monetary relief against a defendant who is immune from such relief. *See Boyd*, 31 F. 3d at 285 (affirming frivolous dismissal of § 1983 claim against prosecutor based on absolute immunity); *Cruz v. Hopper*, 73 F. App'x 62, 63 (5th Cir. 2003)(finding district court properly determined inmate's claim against private individual failed to state a claim under § 1983).

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's claims for habeas corpus relief are **DISMISSED WITHOUT PREJUDICE**.

**IT IS, FURTHER ORDERED AND ADJUDGED** that Plaintiff's § 1983 claims are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a

claim and as seeking monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

**IT IS FURTHER ORDERED AND ADJUDGED** that the dismissal of this case pursuant to the above mentioned provisions of the Prison Litigation Reform Act counts as a "strike" pursuant to 28 U.S.C. 1915(g).

**SO ORDERED AND ADJUDGED** this the 7th day of November, 2012.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE